IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                              18-CR-250-FPG

ALEXANDER SEEGAR,

                                Defendant.

## PLEA AGREEMENT

The defendant, ALEXANDER SEEGAR, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to waive indictment and plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [Receipt of Child Pornography], for which the mandatory minimum term of imprisonment is 5 years, and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18,

United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of any victim or victims as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

5.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is

2

employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.    ELEMENTS AND FACTUAL BASIS

6.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.   the defendant knowingly received an image of child pornography as defined in Title 18 United States Code §2256(8);

    b.   the image of child pornography had been shipped and transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce, including by computer; and

    c.   at the time the defendant received the image, he knew what he received constituted child pornography.

## FACTUAL BASIS

7.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

      a.      Between in or about February 2018 and July 2018, in the Western District of New York, the defendant posed as a 16-year-old boy and contacted various minor girls, who he knew to be between 10 and 15 years of age, via the internet using Instagram and Snapchat.

      b.      The defendant engaged in conversations with the minors using the internet, and convinced the minors to send him sexually explicit images of themselves, which the defendant received. The defendant typically would send the minors with whom he communicated and from whom he received images of child pornography an image of a penis which he obtained from the internet.

      c.      The defendant stored the images and videos of child pornography in a Dropbox account and in a keep safe photo vault maintained on his Samsung Galaxy cellular telephone. The total number of child pornography images the defendant possessed exceeded 600 and some depicted prepubescent minors or minors less than 12 years of age.

      d.      The defendant also used the internet to trade images of child pornography with other unknown individuals.

## III.     SENTENCING GUIDELINES

8.      The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

9.      The government and the defendant agree that Guidelines § 2G2.2(a)(2) applies

to the offense of conviction and provides for a base offense level of 22.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.    The  government and the defendant agree that the following specific offense characteristic do apply:

    a.    the two level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

    b.    the two level increase pursuant to Guidelines §2G2.2(b)(3)(F) [the defendant knowingly engaged in distribution];

    c.    the two level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

    d.    the five level increase pursuant to Guidelines § 2G2.2(b)(7)(D) [offense involved 600 or more images].

11.    The government maintains that the following specific offense characteristic does apply:

    a.    the five level increase pursuant to Guidelines § 2G2.2(b)(5) [the defendant engaged in a pattern of activity involving exploitation of a minor].

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

12.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38 or 33.

## ACCEPTANCE OF RESPONSIBILITY

13.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines. § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 35 or 30.

## CRIMINAL HISTORY CATEGORY

14.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.     (a) It is the understanding of the government and the defendant that if the Court determines that Guidelines § 2G2.2(b)(5) (the defendant engaged in a pattern of activity involving exploitation of a minor) does apply, with a total offense level of **35** and criminal history category of **I**, and taking into account the statutory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of **168 to 210** months, a fine of **$40,000 to $250,000**, and a period of supervised release of at least **5 years and up to**

6

**life.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

(b) It is the understanding of the government and the defendant that if the Court determines that Guidelines § 2G2.2(b)(5) (the defendant engaged in a pattern of activity involving exploitation of a minor) does not apply, with a total offense level of 30 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **97-121** months, a fine of **$30,000 to $200,000**, and a period of supervised release of five years to life.

(c) Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

16.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

18.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    GOVERNMENT RIGHTS AND RESERVATIONS

19.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.      At sentencing, the government will move to dismiss the criminal complaint pending under case number 18-mj-5245.

21.      The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

22.      The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III ¶15(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.      The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III ¶15(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISION

25.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following computer equipment and other electronic media which were seized by law enforcement officials based upon consent:

        a.     One (1) Samsung Galaxy cellular telephone SMG955U, bearing Serial No. R38JGOCK9WF

26.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following online accounts that contain victims' information:

        a.     Dropbox account associated with kornrow89@aim.com.

27.     Since the computer, related media, and online accounts were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computers and all of the components and related media to the United States pursuant to 18 U.S.C. § 2253, and will be referenced in the PRELIMINARY ORDER OF FORFEITURE,

and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

28.     The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

29.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of

any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

30.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

31.     This plea agreement represents the total agreement between the defendant, ALEXANDER SEEGAR, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _Stephanie Lamarque_
STEPHANIE LAMARQUE
Assistant United States Attorney

Dated: June 20, 2019

12

I have read this agreement, which consists of pages 1-13. I have had a full opportunity to discuss this agreement with my attorney MARYBETH COVERT, AFPD I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

ALEXANDER SEEGAR
Defendant

Dated: June 26, 2019

MARYBETH COVERT, AFPD
Attorney for the Defendant

Dated: June 20, 2019