IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                        18-CR-250-G

ALEXANDER SEEGAR,

                Defendant.

---

## GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE/REPLY REGARDING OBJECTIONS TO THE PSR

As set forth in the government's statement with respect to sentencing factors, the government adopts the findings of the (now revised) Presentence Report (Dkt. No. 40) with respect to sentencing factors except as to the assessment of the 4-level increase under Guidelines § 2G2.2(b)(4) (material portrays sadistic or masochistic conduct) at ¶ 34 and the non-assessment of the 5-level increase under Guidelines § 2G2.2(b)(5) (defendant engaged in pattern of activity involving exploitation of a minor) at ¶ 57.

### Guidelines Section 2G2.2(b)(4): *Lawlor*

As set forth in the statement with respect to sentencing factors, regarding Guidelines § 2G2.2(b)(4), the plea agreement differs from the Sentencing Guideline calculation in the Presentence Report in that the plea agreement did not contemplate the application of that specific offense characteristic whereas the Presentence Report applies it.  Pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement.

**Guidelines Section 2G2.2(b)(5): The defendant did engage in a pattern of activity involving the sexual exploitation of minors.**

Regarding Guidelines § 2G2.2(b)(5), the plea agreement contemplated a dispute between the parties about its application. Dkt. 21 ¶ 11. The Presentence Report does not assess this adjustment. The government continues to object.

The government respectfully submits that Guidelines Section 2G2.2(b)(5) applies in this case. That section applies when there is "any combination of two or more separate offenses of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation occurred during the course of the offense; involved the same minor; or resulted in a conviction for such conduct." U.S.S.G. § 2G2.2, App. Note 1. "Sexual abuse or exploitation" means, among other things, conduct described in 18 U.S.C. § 2251(a) (production of child pornography), including attempts to violate § 2251(a).

Section 2251(a), in turn, proscribes persuading, inducing, or enticing a minor to engage in sexually explicit conduct for the purpose of producing, or transmitting live, a visual depiction of such conduct. See § 2251(a). Sexually explicit conduct includes the lascivious exhibition of the anus, genitals, or pubic area of any person. 18 U.S.C. § 2256(2)(A)(v).

As set forth in the government's statement with respect to sentencing factors, the then-twenty-eight-year-old defendant admitted to being a repeat predator who masqueraded as a sixteen year-old boy to sexually exploit "younger teen[age]" girls. As set forth in the Revised Presentence Report, the defendant's phone contained several nude images of a fourteen to fifteen

2

year-old minor female with whom the defendant admitted trading images for *two months*. (Revised PSR, ¶¶ 15-16.) He admitted that he communicated with approximately ten to twenty minors female *for the purpose of having them send nude images of themselves*. (Id., ¶ 16.) He admitted to using these images for sexual purposes and masturbating to them. (Id. )

As further set forth in the Revised Presentence Report, Minor Victim 1 ("MV-1) believed that the defendant was sixteen or seventeen years-old. (Id., ¶ 21.) MV-1's friend told the defendant that she and her friends, with whom the defendant had communications on social media, that the girls were *eleven* and *twelve* years old.  (Id.) The defendant, posing as a teenage boy, sent images and asked for pictures in exchange. (Id.) He *requested a "butt pic"* and also *asked for a picture of her vagina with a finger by it.* (Id.)

On this record, the government respectfully submits that Section 2G2.2(b)(5) applies. There can be *no dispute* that the defendant engaged in a widespread pattern of deceitful and predatorial activity, posing as a teenage boy for the admitted purpose of inducing minor girls to send him nude images.

The only question is whether the evidence preponderates in favor of a finding that he attempted to induce a minor to produce depictions of sexually explicit conduct. The government submits that it does. Here, the defendant asked the twelve year-old minor victim for a picture of her butt, and a picture of her vagina with her finger by it. Inherent in the nature of this request is the intent to induce — or to attempt to induce — the minor victim to produce a depiction of sexually explicit material. It would be one thing if the defendant had asked the twelve year-old if

3

she had any naked pictures, what pictures she had, and then asked her to send some of them. But he did not. He requested very specific images. The very specific nature of the request — during the course of an online communication — amounts, at the very least, to an attempt to induce production of those items. Furthermore, it strains logic to argue for the conclusion that, despite admitting communicating with ten to twenty minor females for the purpose of having them send nude images, he was only requesting items from an already-produced catalog of these victims' images. If he wanted already-produced images, there is no need for social media communications. Such images can be found on a variety of sources with which the defendant was apparently familiar.

The government therefore submits that Section 2G2.2(b)(5) applies.

## SENTENCING MEMORANDUM

The government submits that a sentence within the advisory guidelines range — which the government contends should be correctly calculated as 168 to 210 months — is sufficient but not greater than necessary to satisfy the objectives of Title 18, United States Code, Section 3553(a).

### Nature and Characteristics of the Offense

The guidelines take into account the ***nature and characteristics of the offense.*** And the nature and characteristics of this offense appropriately lead to a significant advisory guidelines range. The Sentencing Commission determined that an offense of this nature should begin, at the very least, with an offense level of 22. The offense involved a prepubescent minor, leading to a

two level increase. The defendant knowingly engaged in distribution, leading to an additional two level increase. It also involved the use of computers and the internet to transmit, receive, distribute and possess sexual explicit images of pubescent and prepubescent minors, leading to an additional two level increase. The defendant's possession of approximately twenty images and ten videos of child pornography provides for an additional five level increase. All of these factors, along with the five level increase under 2G2.2(b)(5), discussed above, merit a significant sentence. The advisory guidelines contemplate and provide for such a sentence.

Another factor in the nature and characteristics of the offense for which the guidelines do not necessarily account is the deceit involved in the defendant's crime. He tricked young girls into sending him naked pictures by pretending to be a teenage boy. Young pre-teens and teenagers across the country are coming of age in a digital world, communicating on social media. To many, it does not occur to them that a person claiming to be a fourteen year-old in a neighboring school district is in fact a forty-five year-old sitting in a basement somewhere. These children become wise to the ways of the world in their own ways, on their own time. Minor Victim 1, on the other hand, learned this lesson in a very cruel way. She will spend the rest of her life with the knowledge that, as a pre-teen young girl, she was tricked into sending sexually explicit photos of herself to a twenty-eight year-old man who had duped her into believing he was a sixteen year-old boy.

### History and Characteristics of the Defendant

The government does not dispute a number of sympathetic factors in the defendant's *history and characteristics,* including the death of his parents and multiple moves. On the other

hand, the defendant's history and characteristics include admitting viewing child pornography *since he was in high school*. (Revised PSR, ¶ 28.) He admitted posing as a teenage boy to trick "young teens" into chatting with him and, after sending them nude male photos he found online, sending them nude photos of themselves. (Id., 15-16.) He then masturbated to these photos he had tricked young teens — and even pre-teens — into sending him. (Id.) In addition, he admitted using KIK Messenger to trade images of child pornography, further victimizing the children depicted in the materials he received and distributed. (Id., ¶ 17.)

Although the report attached to the defendant's sentencing memorandum disclaimed interest in minor females below the fourteen to seventeen year age group, the facts put the lie to this claim and diminish the probative value of the report. First, the defendant admitted that he believed the girl with whom he communicated for two months was *thirteen* at the time they communicated. (Id., ¶¶ 15-16.) Second, he knew that Minor Victim 1 and her friends were *eleven* and *twelve*. (Id., ¶ 21.) The three video files described at paragraph 22 of the Revised Presentence Report, from the defendant's DropBox account, involved females appearing to be approximately eleven to thirteen years of age. (Id., ¶ 22.) His phone contained one video of an approximate *twelve year-old performing oral sex on an adult male*. (Id., ¶ 18.) And his phone contained another video of an <u>**approximate ten-year-old girl — missing a tooth because she appears not yet to have acquired her adult teeth —wearing a mask over her eyes, performing oral sex on an adult male, and opening her mouth to display the ejaculate inside.**</u> (Id.)

6

**Seriousness of the Offense/Respect for the Law/Just Punishment/Deterrence**

The Court, of course, must also issue a sentence that *reflects the seriousness of the offense, promotes respect for the law, provides just punishment*, and affords both *general and specific deterrence*.

The government contends that the sixty month sentence the defendant requests would fail to meet these sentencing factors. Among other things; (1) the duration of the defendant's admitted involvement with child pornography, (2) the deceit involved with his contacts with young girls, (3) the number of admitted contacts with young girls for the purpose of inducing them to send him nude and sexually explicit photos, (4) the number of photos and videos (and the depravity depicted therein), and (5) the involvement of prepubescent minors all weigh in favor of a *guideline sentence* in to meet the purposes set forth in Section 3553(a).

DATED:  Buffalo, New York, February 6, 2020.

             JAMES P. KENNEDY, JR.
             United States Attorney

      BY:  s/JOHN D. FABIAN
          Assistant United States Attorney
          United States Attorney=s Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York  14202
          716/843-5819
          john.fabian@usdoj.gov